MARY LOUISE NICHOLS

*v.*

DUANE GUY NICHOLS

(No. 13733)

Decided July 5, 1977

*Wilson, Frame & Rowe, Richard E. Rowe* for appellant.

*Edgar F. Heiskell, III* for appellee.

CAPLAN, CHIEF JUSTICE:

Mary Louise Nichols was granted a divorce from Duane Guy Nichols by a decree of the Circuit Court of Monongalia County dated August 26, 1974. The decree ratified and confirmed a property settlement agreement previously entered into between the parties. Pursuant to the agreement, and as set forth in the final decree, Duane Guy Nichols agreed and was ordered to pay to Mary Louise Nichols the sum of Three Hundred Ten Dollars per month as support and maintenance for each of two children and he further agreed and was ordered to pay to Mary Louise Nichols the sum of One Hundred Ninety Dollars per month as alimony.

The decree provided that the alimony was to cease after four years or when she obtained her Master's Degree, whichever occurred first. In addition, Duane Nichols agreed to carry health insurance on the children and to be responsible for their major medical and dental bills; to pay one-half the cost of the children's musical instruction and tutoring expenses, if necessary; pay for their college education; maintain insurance on his life with the children as beneficiaries; and to certain other obligations. The exclusive possession of the marital residence was retained by Mary Louise Nichols and she assumed the obligation of paying the monthly payment on the property which amounted to $312.00 per month.

Approximately fifteen months later, in November, 1975, Duane Nichols was notified that his deposition

would be taken for the purpose of discovering his true and real financial standing and status. Subsequent to the taking of this deposition, Mary Louise Nichols filed a petition seeking a modification of the August 26, 1974 order, asking for an increase in the support and alimony payments. In this petition, Mary Louise Nichols alleged that there had been a change in circumstances since the August 26, 1974 order, which would merit consideration for an increase in the payments to her. She alleged that Duane Nichols had received a substantial increase in income; that he had additional income from sources other than his salary at the University; and that both the childrens' and her expenses had increased which necessitated a need for an increase in the monthly payments to her.

Duane Nichols moved to dismiss the petition, charging that: (1) insufficient facts were alleged to show a change of circumstances to either of the parties; (2) he received an increase of seven to ten percent in salary and income over the preceding year which had been anticipated by the parties at the time of the 1974 agreement; and, (3) it had been "only one year and four months since the entry of this final order [August 26, 1974] and that in that one year and four months there has been no change of circumstances to either of the parties that was not contemplated at the time of the entry of the final order."

The evidence of record reveals that Duane Guy Nichols has a Ph. D. in Chemical Engineering and is an associate professor of Chemical Engineering at West Virginia University. His gross earnings in 1975 was $26,000.00 and his net income, after deductions, was approximately $1,500.00 per month. Mary Louise Nichols is trained as an X-ray technician and it is conceded that with full time pursuit of this occupation she could earn approximately $550.00 per month. She is not presently employed and intends to become a full time student at West Virginia University in pursuit of a master's degree. She sought an increase to $1,500.00 per month for support and maintenance of the children and for alimony.

Mary Louise Nichols testified that due to the increased costs of food, clothing, utilities, mortgage payment, insurance, repairs, etc., such increase was necessary. Duane Nichols testified that all of the above matters were considered at the time of the August 26, 1974 order, and that there had been no change of circumstances that was not considered at the time of the agreement. Upon this matter, the circuit court granted Mary Louise Nichols an increase from $310.00 per month per child to $425.00 per month per child and an increase in alimony from $190.00 per month to $250.00 per month. This raised the monthly payment due from Duane Nichols to Mary Louise Nichols to $1,100.00 and according to the testimony left Duane Nichols with $392.00 per month for his living expenses.

The question for decision here is whether the trial court abused its discretion in granting such increases. We believe that it did.

A careful review of the record herein demonstrates clearly that at the time of the entry of the August 26, 1974 decree, all parties were fully aware of the fact that Duane Nichols would in all probability receive a 7-10% salary increase annually. Duane Nichols did in fact receive the anticipated 7% raise in 1975 and the raise amounted to approximately $1,500.00. The $290.00 increase in support and maintenance and the alimony payments over a twelve-month period would amount to $3,480.00 annually, or more than twice the increase in the salary of Duane Nichols. Regardless of the percentage or amount of increase, it is uncontradicted that the parties were all aware of the anticipated 7-10% annual increase at the time the property settlement agreement was signed. It is clear, therefore, that other than the inflationary spiral there was no change of circumstances not contemplated at the time of the original agreement. This being so, we find that Mary Louise Nichols has failed to demonstrate a change of circumstance sufficient to justify such increase at the present time. A trial court has continuing jurisdiction in matters relating to

support and maintenance and alimony payments, and may, upon proper showing, modify any former order with relation thereto, in accordance with the principles of justice. *W. Va. Code*, 1931, 48-2-16, as amended.

Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused. *W. Va. Code*, 1931, 48-2-15, as amended. *See, Witt v. Witt*, 141 W. Va. 43, 83 S.E.2d 524 (1955); *Finnegan v. Finnegan*, 134 W. Va. 94, 58 S.E.2d 594 (1950) and cases cited therein.

We find that the trial court has abused its discretion in the circumstances of this case. Accordingly, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*