542 S.E.2d 402

**John WILSON, Plaintiff Below, Appellant,**

v.

**Tammy J. WILSON, Defendant Below, Appellee.**

No. 27759.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 2000.

Decided Nov. 9, 2000.

Kimberly Carr Dodrill, Esq., Princeton, for Appellant.

PER CURIAM.

This case is before this Court upon appeal of a final divorce order of the Circuit Court of Mercer County entered on August 23, 1999. In this appeal, John Wilson, the appellant, contends that the circuit court erred by granting custody of his son to his ex-wife, Tammy Wilson, the appellee. We agree and therefore, reverse the final order of the circuit court.[1]

I.

The parties were married on July 16, 1990, and their only child, Anthony Scott Wilson, was born on March 16, 1991. The parties separated in July 1996, and less than a month later, Mr. Wilson filed a complaint for divorce.

During the marriage, Ms. Wilson was Anthony's primary caretaker. However, a few months after the parties separated, Ms. Wilson asked Mr. Wilson to take care of Anthony for a week. She then moved out of the state and did not contact Mr. Wilson for three weeks. When Ms. Wilson finally called, she refused to provide Mr. Wilson with her current address or phone number, and Mr. Wilson declined to give her custody of Anthony.

Anthony remained in Mr. Wilson's custody until February 1997, when he went to live with his mother in South Carolina. Ms. Wilson then refused to allow Mr. Wilson to visit Anthony for nine consecutive weeks. Eventually, Mr. Wilson filed a petition with a South Carolina court for enforcement of a West Virginia visitation order. Thereafter, Ms. Wilson was ordered to allow Mr. Wilson to visit Anthony. She was further ordered not to allow non-family males in the presence of Anthony and not to leave South Carolina with the child without the knowledge and written permission of Mr. Wilson. However, in April 1997, Ms. Wilson moved to Florida without notifying Mr. Wilson.

In June 1997, the parties appeared before the circuit court, and Mr. Wilson was awarded temporary custody of Anthony. Ms. Wilson was denied visitation. On June 26, 1998, Connie Cochran, Anthony's psychologist, testified before the family law master. Ms. Cochran opined that it was in Anthony's best interests to remain in his father's custody. Her opinion was based on her conversations with Anthony and his father. Ms. Cochran testified that Anthony told her that while he was in his mother's custody, his mother's boyfriend hit him with a board covered with briers. Anthony also told Ms. Cochran that he had been offered drugs and alcohol while in his mother's custody and was exposed to overt sexual behavior by his mother's boyfriend.

Anthony remained in Mr. Wilson's care from April 1997 until September 1999. During this time, Anthony maintained excellent attendance and academic progress in school. In August 1999, the circuit court adopted a recommendation of the family law master and ordered Anthony to be returned to his mother's custody. The circuit court found that Ms. Cochran's opinion was based on hearsay.

1. We note that only the petition for appeal is before this Court for decision. After this appeal was granted, the case was scheduled to be submitted to this Court on briefs. However, the appellant failed to file a brief. In addition, the appellee has made no appearance in this matter. Pursuant to Rule 10(e) of the Rules of Appellate Procedure, in these circumstances, this Court may impose the following sanctions: (1) refuse to hear the case; (2) deny oral argument to the derelict party; (3) dismiss the case from the docket; or (4) impose such other sanctions as this Court deems appropriate. Nonetheless, given the nature of the case, we conclude that it would be unjust for this Court to refuse to consider the issue in this appeal.

## II.

 The issue before this Court is whether the circuit court erred by granting custody of the parties' child to Ms. Wilson. On several occasions, this Court has stated that: "Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). *See also* Syllabus Point 4, *Pearson v. Pearson*, 200 W.Va. 139, 488 S.E.2d 414 (1997); Syllabus Point 2, *Petruska v. Petruska*, 200 W.Va. 79, 488 S.E.2d 354 (1996); Syllabus Point 2, *Wood v. Wood*, 190 W.Va. 445, 438 S.E.2d 788 (1993). In addition, "[i]n visitation as well as custody matters, we have traditionally held paramount the best interests of the child." Syllabus Point 5, *Carter v. Carter*, 196 W.Va. 239, 470 S.E.2d 193 (1996).

 In granting custody of Anthony to Ms. Wilson, the circuit court disregarded the testimony of Connie Cochran. The circuit court's order states that Ms. Cochran's opinion was based on hearsay evidence. Mr. Wilson contends that the circuit court's conclusion regarding Ms. Cochran's testimony is contrary to Rule 703 of the West Virginia Rules of Evidence. We agree. Rule 703 provides,

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

In Syllabus Point 2 of *Mayhorn v. Logan Medical Foundation*, 193 W.Va. 42, 454 S.E.2d 87 (1994), this Court held that:

> Rule 703 of the *West Virginia Rules of Evidence* allows an expert to base his opinion on (1) personal observations; (2) facts or data, admissible in evidence, and presented to the expert at or before trial; and (3) information otherwise inadmissible in evidence, if this type of information is reasonably relied upon by experts in the witness' field.

Obviously, Ms. Cochran, like any other psychologist, bases her opinions upon her observations, interviews, and counseling sessions with her patients and their families. Such opinions are permissible under Rule 703 and should not be disregarded as hearsay. Therefore, we find that the circuit court abused its discretion by discounting the testimony of Ms. Cochran.

 Likewise, we find that the circuit court abused its discretion by ordering that it was in Anthony's best interests to be placed in his mother's custody. The evidence showed that Ms. Wilson abandoned Anthony for three weeks in 1996, and then later denied Mr. Wilson visitation for nine consecutive weeks. Ms. Wilson also moved to Florida without informing Mr. Wilson in direct violation of a South Carolina court order. According to the final order of the circuit court, a warrant for Ms. Wilson's arrest remains in effect for her violation of the South Carolina court order. In addition, Ms. Wilson continuously disobeyed court orders to keep Anthony away from non-family males. Although the circuit court noted the allegations that Anthony was offered marihuana and alcohol and exposed to overt sexual behavior by his mother's live-in boyfriend, the court nonetheless granted Ms. Wilson custody of Anthony.

By contrast, Mr. Wilson made extraordinary efforts to visit his son while he was in Ms. Wilson's custody. Moreover, while Anthony was in Mr. Wilson's custody, he maintained excellent attendance and academic progress in school. In light of this evidence and Ms. Cochran's testimony that Anthony should remain in his father's custody, we find that the circuit court clearly abused its discretion by granting custody of Anthony to Ms. Wilson.

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Mercer County is reversed, and this case is remanded to the circuit court for entry of an order granting custody of the child to Mr. Wilson.

Reversed and remanded.