STATE OF WEST VIRGINIA

**In Re: J.H., H.H., T.H., D.H.1, D.H.-2, D.H.-3, D.H.-4 and K.B.**

**No. 13-0007** (Wood County 10-JA-21 through 10-JA-28)

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Berkeley L. Simmons, from the Circuit Court of Wood County, which terminated her parental rights by order entered on December 7, 2012. The guardian ad litem for the children[1], Rhonda L. Harsh, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order. Petitioner thereafter filed a reply, which asserted a new assignment of error, to which both respondents filed responses.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2010, the DHHR filed its third amended petition in the underlying case. The petition alleged various instances of sexual abuse and physical abuse of several of the children, domestic violence in the home between the children's parents, and petitioner's failure to protect her children from such abuse and violence. The petition included reports from some of the children who disclosed instances when their father touched them inappropriately, pointed a gun to the head of one of the children, and used wooden boards containing nails to strike the children. Throughout the course of these proceedings, Petitioner Mother participated in various services and classes in between her periods of incarceration for pending criminal charges, criminal convictions, or violating terms of probation for these convictions. At adjudication, she stipulated to her failure to protect her children from physical and sexual abuse. At the dispositional hearing in June of 2012, Petitioner Mother testified of her criminal conduct, which led to her incarceration. She objected to the DHHR's motion to terminate her parental rights, but did not object to the termination of her custodial rights. In its December of 2012 order, the circuit court terminated Petitioner Mother's parental, custodial, and guardianship rights to all eight children. Petitioner Mother appeals this order.

Petitioner Mother lists several assignments of error in her appellate brief. Of this list, she substantively argues and develops the following issues: (1) whether the circuit court erred in

---

[1]Because several of the children have the initials D.H., we have identified those children by placing a number after their initials. We also note that the circuit court case numbers listed above correspond with each child in the style of this case.

1

denying her motions for improvement periods, (2) whether the circuit court erred in terminating her parental rights, and (3) whether the DHHR made reasonable efforts toward reunifying petitioner with her children. In support of these arguments, petitioner asserts that she initiated her participation in several services without the DHHR's help. She acknowledges that her discharge from inpatient drug treatment was due to several violations she committed, but argues that the violations were not related to drugs, crimes, or alcohol. As supplemental assignments of error, petitioner challenges the circuit court's decision to (a) separate the children from each other and (b) prohibit any contact between them and petitioner. The children's guardian ad litem and the DHHR responded in support of termination and of the circuit court's decisions in this case.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of improvement periods, its findings that the DHHR made reasonable efforts to preserve the family, or in its termination of Petitioner Mother's parental rights. Pursuant to West Virginia Code § 49-6-12, a respondent parent bears the burden of proving that he or she will substantially comply with an improvement period; consequently, the circuit court has the discretion to deny an improvement period if the circuit court finds that this burden has not been met. The record reflects that at the dispositional hearing in June of 2012, petitioner admitted that she neglected her children through "using drugs, falling asleep, not being there for them and things." She further testified of her numerous "stupid, careless decisions" that resulted in her returns to incarceration throughout the case. We find from our review of the record that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

With regard to petitioner's supplemental assignments of error concerning the children's placement and contact with petitioner, we find no error. "In visitation as well as custody matters, we have traditionally held paramount the best interests of the child." Syl. Pt. 5, *Carter v. Carter*,

196 W.Va. 239, 470 S.E.2d 193 (1996). "'Questions relating to . . . custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused.' Syllabus, *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977)." Syl. Pt. 5, *In re Carol B.*, 209 W.Va. 658, 550 S.E.2d 636 (2001). Our review of the record indicates no abuse of discretion as the children were separated throughout the case, even before the circuit court entered its order concerning the children's contact with petitioner and separation. Further, the guardian ad litem believes that the children's best interests are served by no visitation between them and the mother at this time.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard ,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II