No. 16-0494 - Yeshiareg Mulugeta v. Dimitri Misaildis

**FILED**

**June 13, 2017**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, C. J., concurring, in part, and dissenting, in part:

I concur with the majority's decision insofar as it directs the circuit court to correct a mistake in the marital allocation worksheet and clarify that Husband's premarital portion of his 401K retirement account was $249,685.00. Likewise, I agree with the majority's decision to affirm the family's court findings pertaining to the classification of certain assets and the equitable division of the parties' marital property. I dissent, however, to the reversal of the family court's award of spousal support. We have long held that "[q]uestions relating to alimony . . . are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., in part, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). In this case, there was no basis to conclude that the family court abused its discretion by failing to grant Wife a permanent spousal support award greater than $4,000 per month.

The majority hinges its decision on the family court's "imputation of income" to Wife, finding that it "constituted a clear abuse of discretion, requiring reversal" of the spousal support award. This reasoning has no basis in fact, however, because Wife actually

1

stipulated that she was able to be employed and able to earn at least $24,000 per year with her medical degree and master's degree in public health.[1]  Given Wife's stipulation, it cannot reasonably be said that the family court abused its discretion by attributing income to her.

Furthermore, the record reflects that the family court considered all the relevant statutory factors[2] in determining that a $4,000 monthly spousal support award was fair and equitable under the circumstances.  In that regard, the family court recognized the substantial amount of real property and investments[3] Wife has received through equitable distribution and the ability of those assets to generate as much as $5,000 in monthly income.  The family court noted that Wife would receive one-half of the proceeds from the sale of the marital home, which was valued at more than $400,000, and that now, at age 62, she is able to utilize her investment and retirement accounts without incurring penalties.  In addition, Wife is

---

[1]In both her petition for appeal of the family court's order and her brief submitted to this Court, Wife acknowledged and accepted $2,000 per month of attributed income.  The family court order actually states that the parties stipulated that Wife could earn at least $25,000 per year.

[2]"It is not necessary to make specific findings as to each statutory [spousal support] factor recited but only those applicable and appropriate to the case." *Banker v. Banker*, 196 W.Va. 535, 549, 474 S.E.2d 465, 479 (1996) (quoting *Burnside v. Burnside*, 194 W.Va. 263, 275 n.30, 460 S.E.2d 264, 276 n.30 (1995).

[3]Through equitable distribution, Wife received the parties' rental property in Ocean City, Maryland and her half of the parties' Ameritrade  account, which was $800,000.  In addition, Wife has a separate retirement account in the amount of $200,000.

eligible to receive social security retirement benefits based upon Husband's contribution which will provide her with more monthly income.

Although there is a significant disparity in the parties' income, the evidence reflects that Wife actually increased her monthly expenses by voluntarily moving from Berkeley County, West Virginia, to Montgomery County, Maryland, which has a higher cost of living because of its proximity to Washington, D.C. In addition, Wife chose the parties' condo in Montgomery County that was subject to a mortgage for her residence. Wife refused to take possession of the parties' other condo in the same location that was not encumbered by a mortgage.[4] Yet, even with a mortgage, the record reflects that wife has sufficient income to meet all her monthly expenses.[5]

We have held that "[u]nder the clearly erroneous standard, if the findings of fact and the inferences drawn by a family [court judge] are supported by substantial evidence, such findings and inferences may not be overturned even if a circuit court may be inclined to make different findings or draw contrary inferences." Syl. Pt. 3, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995), *superceded by statute on other grounds as stated in Sharon B.W. v. George B.W.*, 205 W.Va. 594, 519 S.E.2d 877 (1999). Elaborating

---

[4]Husband received the other condo through equitable distribution.

[5]According to the parties' testimony, the condo Wife received was valued at $550,000 and the mortgage debt was $150,000.

further, we explained that "if the lower tribunal's conclusion is plausible when viewing the evidence in its entirety, the appellate court may not reverse even if it would have weighed the evidence differently if it had been the trier of fact." 195 W.Va. at 396. 465 S.E.2d at 195 (citation omitted). The majority has clearly turned a blind eye to these well-established precepts as its flawed analysis reflects that it has engaged in a de novo weighing of the evidence to reach its desired result.

While family courts must consider financial need when making spousal support determinations, alimony may not be awarded to equalize the parties' income. *Stone v. Stone*, 200 W.Va. 15, 488 S.E.2d 15 (1997). In this case, the family court found that a $4,000 monthly spousal support award was appropriate given the parties' earnings and earning ability, the distribution of the marital property, the parties' education, and their ages. In light of the foregoing and given the deference afforded to the family court, I would have affirmed its decision with respect to the spousal support award. Accordingly, I concur, in part, and dissent, in part.