**STATE OF WEST VIRGINIA**

**FILED**
**October 9, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In re: A.B.-1 and A.B.-2**

**No. 19-0718** (Logan County CC-23-2018-JA-124 and CC-23-2018-JA-125)

**MEMORANDUM DECISION**

The petitioner, J.B.[1] ("Father"), appeals the July 19, 2019, order of the Circuit Court of Logan County that denied his motion for modification of the custody of his two children, A.B.-1 and A.B.-2, which he filed at the conclusion of an abuse and neglect proceeding that was instituted against his ex-wife, K.B, the respondent herein ("Mother").[2] In this appeal, Father contends that the circuit court erred by not finding that the abuse and neglect petition filed against Mother constituted a substantial change in circumstances to warrant modification of the parties' parenting plan. Father further asserts that the circuit court erred by refusing to modify custody based upon the children's custodial preferences and by not appointing a guardian ad litem ("GAL") for the children to give them the opportunity to say where they wish to live. In response, Mother contends that the circuit court did not commit reversible error.[3]

This Court has considered the parties' briefs, oral arguments, and the appendix record. Upon application of the standard of review and the pertinent authorities, this Court

---

[1]In cases involving sensitive facts, we use initials to identify the parties. *See* W.Va. R. App. Proc. 40(e); *see also State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990). To avoid confusion when individuals share the same initials, we also use a numerical designation.

[2]The order also denied Father's Emergency Motion for Temporary Relief, Ex Parte Motion for Temporary Custody, and Motion to Appoint Guardian Ad Litem, which were filed with his Motion for Modification of Custody.

[3]Christopher T. Pritt, Esq., represented Father in this matter, and Steven M. Thorne, Esq., appeared on behalf of Mother. Briefs were also filed in this appeal by Melinda G. Dugas, Esq., for the West Virginia Department of Health and Human Resources ("DHHR") and Karen S. Hatfield, Esq., the GAL for the children during the abuse and neglect proceeding.

finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the final order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The events giving rise to Father's motion for modification of custody began on October 18, 2018, when Mother drove her car over an embankment. Mother's two youngest children, K.B.-2 and N.B., were passengers in the car.[4] At the time of the accident, Mother was intoxicated, and the children were not in child restraints; as a result, one of them suffered a broken wrist and a black eye. Mother was arrested for DUI causing risk of injury; child neglect causing risk of injury; and driving on a revoked license.[5] Subsequently, the DHHR filed an abuse and neglect petition against Mother. Prior to the accident, the parties' children, A.B.-1 and A.B.-2, primarily resided with Mother pursuant to a parenting plan that was entered by the Family Court of Boone County when the parties divorced in 2010. Upon the filing of the abuse and neglect petition, A.B.-1 and A.B.-2 were removed from Mother's custody and were placed with Father.

Following the preliminary hearing on the abuse and neglect petition, Mother was granted a pre-adjudicatory improvement period. Thereafter, she participated in services provided by DHHR, including an alcohol treatment program, and successfully completed her improvement period. On April 4, 2019, the circuit court entered an order dismissing the abuse and neglect proceeding. The circuit court found that "[t]he circumstances which led to the filing of the emergency petition have abated" and "[i]t is in the best interests of the infants to be returned to the custodial arrangements [that were in place] prior to the filing of the emergency petition herein." The circuit court further ordered that "all future matters regarding parenting time and/or custody shall be returned to the Family Court of jurisdiction."

Immediately following entry of the circuit court's order dismissing the abuse and neglect proceeding, Father filed his motion for modification of custody with the Family Court of Boone County, contending that there had been a substantial change of circumstances because of the abuse and neglect petition filed against Mother and asserting that the children no longer wished to primarily reside with her. Upon review, the family court determined that the circuit court had exclusive jurisdiction over the matter pursuant

---

[4]The children that were involved in the accident are the biological children of Mother's current husband. Their custody is not at issue in this appeal.

[5]According to the record, Mother's blood alcohol content at the time of the accident was 0.247, and she failed three field sobriety tests. Her driver's license had previously been revoked because of unpaid citations. As of the date the petition for appeal was filed, Mother has not been prosecuted on any of the criminal charges.

to Rule 6 of the Rules of Procedure for Child Abuse and Neglect Proceedings.[6] Thus, the matter was transferred to the Circuit Court of Logan County by order of the family court entered on April 30, 2019.

The circuit court held a hearing regarding Father's motion for modification of custody on July 11, 2019, during which counsel for the parties argued their respective positions. Thereafter, the circuit court entered its July 19, 2019, order denying Father's motion to modify custody. The circuit court found that there was an insufficient change in circumstances to warrant a modification of custody because Mother "regained her fitness as a parent" during the abuse and neglect proceeding. Relying upon this Court's decision in the factually similar case of *Dancy v. Dancy*, 191 W.Va. 682, 447 S.E.2d 883 (1994), the circuit court reasoned:

> While the misdeeds of a parent may rightfully constitute grounds for a change in custody outside the context of an abuse and neglect case or may be grounds for a termination of a parent's rights, misdeeds that are essentially rectified through the painstaking process of a parent's successful completion of an improvement period or periods in the context of an abuse and neglect case under the close supervision of the State and the Court should not be an opportunity for one parent in a contested divorce to take custody away from the other so long as the offending parent has sufficiently proven to the Court that he or she is a fit and proper parent so much so that she is appropriately returned to her custodial position enjoyed before the emergency petition. Anything else would negate the policy of reunification and discourage instead of incentivize a parent from successfully navigating an improvement period and taking the hard steps of meeting the issues of substance abuse.

Regarding Father's assertion that the children preferred to primarily reside with him, the circuit court found that "the children are not of an age to express a legally weighted preference." Finally, because there were no new allegations of wrongdoing on the part of Mother and because the children were not of age to express a custodial preference, the court found that it would be "futile to engage a GAL to investigate the same." Upon entry of the circuit court's July 19, 2019, order denying Father's motion to modify custody, he filed this appeal.

This Court has held that "[q]uestions relating to . . . custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl.,

---

[6]The text of this rule is set forth herein.

in part, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). In syllabus point two of *In re Guardianship of A.C.*, 240 W.Va. 23, 807 S.E.2d 271 (2017), this Court further explained:

> """The exercise of discretion by a trial court in awarding custody of a minor child will not be disturbed on appeal unless that discretion has been abused; however, where the trial court's ruling does not reflect a discretionary decision but is based upon an erroneous application of the law and is clearly wrong, the ruling will be reversed on appeal." Syllabus point 2, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975), *superseded by statute on other grounds as stated in David M. v. Margaret M.*, 182 W.Va. 57, 385 S.E.2d 912 (1989).' Syl. Pt. 1, *In re Abbigail Faye B.*, 222 W.Va. 466, 665 S.E.2d 300 (2008)." Syl. Pt. 2, *In re Antonio R.A.*, 228 W.Va. 380, 719 S.E.2d 850 (2011).

Before considering the merits of Father's appeal, we first address the circuit court's jurisdiction over this matter. As noted above, after the abuse and neglect petition was dismissed, Father filed his motion for modification of custody with the family court. The family court found, however, that it did not have jurisdiction over the matter pursuant to Rule 6 of the Rules of Procedure for Child Abuse and Neglect Proceedings, which provides:

> Each child abuse and neglect proceeding shall be maintained on the circuit court's docket until permanent placement of the child has been achieved. The court retains exclusive jurisdiction over placement of the child while the case is pending, as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation, except that (1) if the petition is dismissed for failure to state a claim under Chapter 49 of the W. Va. Code, or (2) if the petition is dismissed, and the child is thereby ordered placed in the legal and physical custody of both of his/her cohabitating parents without any visitation or child support provisions, then any future child custody, visitation, and/or child support proceedings between the parents may be brought in family court. However, should allegations of child abuse and/or neglect arise in the family court proceedings, then the matter shall proceed in compliance with Rule 3a.

4

Recently, in *In re T.M.*, 242 W.Va. 268, 835 S.E.2d 132 (2019), we examined a circuit court's jurisdiction to determine custodial placement at the close of an abuse and neglect proceeding as provided in Rule 6. *In re T.M.* was an abuse and neglect case that was brought against the father of two children after he attempted to commit suicide in their presence and threatened to "'shoot up'" anyone who approached his home. 242 W.Va. at 271, 835 S.E.2d at 135. Although the father was adjudicated as an abusive and neglectful parent, he successfully completed an improvement period, and the abuse and neglect petition was dismissed pursuant to West Virginia Code § 49-4-604(b)(1) (2019).[7] The father and non-offending mother divorced during the course of that abuse and neglect proceeding, and upon dismissal of the case, the circuit court awarded primary custody of the children to their father. The non-offending mother appealed that decision. 242 W.Va. at 272, 835 S.E.2d at 136.

Examining the basis of the circuit court's jurisdiction to allocate custodial responsibility upon dismissal of an abuse and neglect proceeding in *In re T.M.*, we first noted that under Rule 48(d) of the Rules of Practice and Procedure for Family Court, a family court loses jurisdiction over children who are involved in abuse and neglect proceedings. 242 W.Va. at 274, 835 S.E.2d at 138. That rule provides:

> The family court shall retain full jurisdiction of proceedings until an abuse or neglect petition is filed. If an abuse or neglect petition is filed and the family court has entered an order regarding the allocation of custodial and decision-making responsibility between the parents, orders of the circuit court shall supercede and take precedence over any order of the family court regarding the allocation of custodial and decision-making responsibility between the parents. If the family court has not entered an order for the allocation of custodial and decision-making responsibility between the parents, the family court shall stay any further proceedings concerning the allocation of custodial and decision-making responsibility between the parents and defer to the orders of the circuit court.

W.Va. R. Prac. & P. Family Ct. 48(d); *see also* W. Va. Code § 51-2A-2(c) (2018) (removing family court jurisdiction over "allocation of custodial and decision-making responsibility" in event of filing of an abuse and neglect petition).[8] We then explained that

---

[7]This statute provides a hierarchy of dispositions for abuse and neglect cases. Dismissal of the petition is the first option set forth in West Virginia Code § 49-4-604(b).

[8]The record indicates that Father in the case sub judice filed a motion to modify custody in the Family Court of Boone County at the same time the abuse and neglect

5

upon the close of an abuse and neglect case, Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth the limited circumstances under which a family court may regain jurisdiction over children that were involved in an abuse and neglect proceeding. We stated that

> *only* upon dismissal of a petition for either 1) failure to state a claim; or 2) where legal and physical custody are returned to cohabitating parents, may the family court regain jurisdiction for the resolution of "*future* child custody, visitation, and/or child support proceedings[.]" [W.Va. R. Proc. for Child Abuse and Neglect Proceedings 6] (emphasis added).
>
> These narrow exceptions, along with the mandate that the case remain active until permanent placement is attained, leads inescapably to the conclusion that once an abuse and neglect petition is filed, the circuit court retains jurisdiction to oversee the placement of children at the close of the proceedings, irrespective of the particular disposition of the petition and even in the event of reunification with parents, guardians, or custodians, cohabitating or not. Moreover, *the circuit court retains jurisdiction for future custodial, visitation, or support proceedings involving these children unless the underlying petition is dismissed as unfounded or children are returned to cohabitating parents, guardians, or custodians.*

*In re T.M.*, 242 W.Va. at 275, 835 S.E.2d at 139 (emphasis added) (footnote omitted).

When the circuit court dismissed the abuse and neglect petition in the case at bar, it provided in the dismissal order that "the parties shall be returned to the custodial arrangement which existed prior to the filing of the emergency petition." The circuit court further ordered that any future matters regarding "parenting time and/or custody" should be "returned to the Family Court of jurisdiction." Yet, when Father filed his motion to modify custody with the Family Court of Boone County, the family court declined to exercise jurisdiction pursuant to Rule 6. This was the correct decision as neither exception in Rule 6 allowing the family court to regain jurisdiction was applicable.

Obviously, the exception applicable when children are returned to cohabiting parents does not apply because the parties were divorced. Although the abuse and neglect petition was dismissed without a finding that Mother was abusive and/or neglectful, we cannot conclude that the petition was "unfounded" given the circumstances that led to the

_____

petition was filed against Mother. In accordance with Rule 48, the family court declined to rule on the motion at that time.

dismissal such that the other exception for cases dismissed for "failure to state a claim" would apply. In *In re T.M.*, we noted that the phrase "failure to state a claim" as used in the statute was undefined but suggested that it might "equate to dismissal of abuse and neglect allegations when they are dismissed with no finding of abuse and neglect." *Id.* at 275 n.9, 242 S.E.2d at 139 n.9. While that may be true in circumstances where the allegations set forth in the petition cannot be substantiated, we decline to apply such a definition where an abuse and neglect petition is dismissed only after the offending parent has successfully completed a pre-adjudicatory improvement period. Absent the Mother's participation in services provided by DHHR, which in this case included an alcohol treatment program, and her success in remedying the conditions that led to the filing of the abuse and neglect petition, the matter clearly could not have been dismissed. Therefore, neither exception in Rule 6 applied to allow for the return of jurisdiction to the family court to oversee any future custodial placement of A.B.-1 and A.B.-2. Accordingly, the circuit court was the proper forum for consideration of Father's motion for modification of custody.

Having found that the circuit court properly exercised jurisdiction in this matter, we now consider the merits of Father's appeal. Father first contends that Mother's car accident and the abuse and neglect petition filed against her constituted a substantial change in circumstances to permit modification of custody under West Virginia § 48-9-401 (2001).[9] Father argues that the circuit court erred when it concluded that there was no substantial change in circumstances based upon this Court's decision in *Dancy* because that case was decided when custody was generally afforded to the child[ren]'s "primary caretaker." *Id.* at 685, 447 S.E.2d at 886. Because the primary caretaker doctrine was replaced with a statutory scheme for allocating custodial and decision-making responsibility,[10] Father maintains that *Dancy* is no longer applicable. We disagree.

Like the case at bar, *Dancy* involved a mother who was addicted to alcohol and, as a result, was unable to properly supervise her daughter. *Id.* at 683, 447 S.E.2d at 884. An

---

[9]West Virginia Code § 48-9-401(a) provides for modification of a parenting plan when a court finds

> "on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated therein, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child."

[10]*See* W.Va. Code § 48-9-603(c) (2001) (discussing effect and operative date of enactment replacing primary caretaker doctrine with new system for allocating custodial and decision-making responsibility of parents).

abuse and neglect petition was filed against the mother in that case, who had primary custody of her child as a result of a custody order entered when she divorced the child's father. The child's father was given custody of the child during the abuse and neglect proceeding. *Id.* When that proceeding concluded as a result of mother successfully completing an alcohol treatment program, the circuit court returned the child to the mother's custody. The father appealed, and this Court upheld the decision, agreeing with the circuit court that "Mrs. Dancy has shown that with her alcoholism under control she is a fit parent." *Id.* at 685, 447 S.E.2d at 886. Although the "primary caretaker standard" is no longer the criterion for allocating custody, this Court's reasoning in *Dancy* is still sound. When a parent rectifies the conditions that cause an abuse and neglect petition to be filed, he or she is reunited with his or her child(ren). In other words, the parent's custodial rights are restored. *See* W.Va. Code § 49-4-604 (2020). In that instance, there is simply no basis for a court to find a substantial change in circumstances under West Virginia Code § 48-9-401 to modify a parenting plan. Accordingly, the circuit court did not err by denying Father's motion to modify custody based upon the abuse and neglect petition that was filed against Mother but ultimately dismissed.

Next, Father contends that the circuit court erred by not modifying the parties' parenting plan based upon the children's preference for where they wish to live. According to Father, his two children "while not quite 14, have a firm and reasonable preference" for remaining in his custody. [11] West Virginia Code § 48-9-402(b)(3) (2001)[12] provides for a modification of custody without a showing of changed circumstances if the modification is "in the child's best interests" and "is necessary to accommodate the reasonable and firm preferences of *a child who has attained the age of fourteen*." (Emphasis supplied). Here, the circuit court denied Father's motion to modify the children's custody based on their custodial preference because they were "not of an age to make a legally weighed preference." Father argues that although his children were not fourteen years old, the circuit court should have at least appointed a GAL to meet with the children and allow them to express their custodial preference.

This Court has recognized that in some instances, the custodial preference of a child who is not fourteen years old may be considered. However, in those cases, the court must make findings of fact that establish that the child is sufficiently mature to express a

---

[11]A.B.-1 was born in 2006, and A.B.-2 was born in 2008.

[12]We cite to the 2001 version of West Virginia Code § 48-9-402 as it was in effect at the time Father filed his motion for modification. We note, however, that the statute was amended effective June 5, 2020, to allow for modification of custody without a showing of changed circumstances when "necessary to accommodate the reasonable and firm preferences of a child who, is under the age of fourteen and, in the discretion of the court, is sufficiently matured that he or she can intelligently express a voluntary preference." W.Va. Code § 48-9-402(b)(4) (2020).

custodial preference.[13] In this case, no such findings were made because the circuit court determined that it was not necessary to appoint a GAL for the children because it "so recently considered the recommendations of the GAL" in the abuse and neglect case. Indeed, the record shows that the GAL conveyed the children's wishes to the circuit court during the final abuse and neglect hearing and recommended that the children remain with Father until the end of the school year so that they would not have to transfer to a new school. However, because Mother indicated that she was willing to drive the children to the school they were attending until the end of the school year, the circuit court ordered that the children be immediately returned to her custody in accordance with the parties' parenting plan. Given these circumstances and given the fact that neither child was fourteen years old when Father sought a change of custody, we are unable to find that the circuit court abused its discretion by denying Father's motion for modification of custody based upon the children's custodial preferences. [14]

Accordingly, for the reasons forth above, the final order of the Circuit Court of Logan County entered on July 19, 2019, is affirmed.

Affirmed.

---

[13]*See Skidmore v. Rogers*, 229 W.Va. 13, 22 n.5, 725 S.E.2d 182, 191 n.5 (2011) ("This Court has previously recognized that a child's preferences with regard to custody matters should be considered when that child's age and maturity level so warrants, even if the child has not yet reached the age of fourteen. . . . In this case, the guardian ad litem's report represents that Joshua is 'bright,' 'articulate' and 'mature for his age,' and that he expressed a clear desire to spend more time with his father. Under these circumstances, Joshua's clearly expressed preference should be among the factors considered in determining whether a modification is in his best interest.").

[14]DHHR argued in this appeal that this case should be remanded for an evidentiary hearing because it was denied notice and opportunity to be heard regarding Father's motion to modify custody. However, as explained above, the abuse and neglect petition filed against Mother was dismissed before Father filed his motion for modification of custody. Because the abuse and neglect case had concluded and because the motion to modify custody was filed pursuant to Chapter 48 of the West Virginia Code, we find no merit to DHHR's argument that it was entitled to participate in the hearing regarding Father's motion for modification of custody.

**ISSUED:**   October 9, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison