# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Brian H.,**
**Respondent Below, Petitioner**

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0238** (Jackson County 10-D-232)

**Amanda H.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Father, appearing *pro se*, appeals the Circuit Court of Jackson County's order entered on February 20, 2013, which denied his petition for appeal from the family court's order that denied his petition for modification of parenting time. Respondent Mother, appearing *pro se*, filed a response, to which Petitioner Father replied. On appeal, Petitioner Father alleges that the circuit court erred in denying his petition for appeal because the circuit court did not grant him a hearing to explain the substantial change in circumstances.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on September 28, 2002. They separated in July of 2010, and Respondent Mother filed a petition for divorce based on irreconcilable differences one month later. In August of 2010, Petitioner Father filed an answer admitting irreconcilable differences. By order entered on October 19, 2010, the family court entered its final divorce order. Petitioner Father was granted visitation every weekend, except the third weekend of each month during the school year, and every other week during the summer.

In January of 2012, Petitioner Father filed his first petition for modification. Petitioner Father argued that he recently relocated to Jackson County, West Virginia from Wood County, West Virginia, to spend more time with his children. Petitioner Father also argued that he should be the named beneficiary of his children's disability checks so that he could take better care of them during his parenting time. The family court held a hearing on Petitioner Father's petition on April 5, 2012, during which it heard testimony from both parties. Several days later, the family court denied Petitioner Father's petition. The family court found that Petitioner Father failed to

---

[1]"We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services v. Cheryl M.,* 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

1

exercise all of his parenting time since the final divorce order. The family court ruled that there was no substantial change in circumstances and that modification was not in the children's best interest.

In May of 2010, Petitioner Father appealed the family court's final order to the circuit court. By order entered on May 22, 2012, the circuit court denied Petitioner Father's appeal on the ground that the appeal was untimely filed. Thereafter, Petitioner Father filed another petition for modification in the family court alleging substantially similar grounds as his January of 2012 petition. By order entered on January 28, 2013, the family court denied Petitioner Father's second petition to modify on the ground that he reasserted the same grounds as those in his original petition. Two days later, Petitioner Father filed a petition for appeal from the family court's final order. The circuit court denied the appeal on the ground that the second petition was substantially similar to his original petition, and the issues therein had been fully adjudicated. It is from this order that Petitioner Father now appeals.

This Court has stated that:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). This Court has said "[q]uestions relating to . . . custody of the children are within the sound discretion of the [circuit] court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., in part, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). Further, in "custody matters, we have traditionally held paramount the best interests of the child." Syl. Pt. 5, in part, *Carter v. Carter*, 196 W.Va. 239, 470 S.E.2d 193 (1996). Mindful of these principles, we consider Petitioner Father's assignments of error.

Petitioner Father argues that the family court and circuit court erred in finding that there had been no substantial change in circumstances absent an evidentiary hearing on the matter. After careful consideration of the appendix record and the parties' briefs, we affirm the decision of the circuit court.

In his original petition for modification, Petitioner Father stated that he recently moved back to Jackson County, West Virginia, to spend more time with his children. On April 5, 2012, the family court held a hearing on Petitioner Father's petition. Although Petitioner Father sought additional parenting time, Respondent Mother testified that Petitioner Father failed to exercise his summer parenting time in 2011 and has only visited the children several times since January of 2012. Based on the parties' testimony, the family court ruled that there was no significant change in circumstances. In his second petition, Petitioner Father asserted no new grounds. Given that the family court had already held a hearing on Petitioner Father's first petition, there was no need for a subsequent evidentiary hearing. Rule 21(a) of the Rules of Practice and Procedure for Family Courts gives family courts the discretion to grant a hearing on a petition for

modification.[2] We find no error in the circuit court's entry of an order denying Petitioner Father's second petition for modification without conducting a hearing.

Additionally, we conclude that the circuit court did not abuse it's discretion in denying Petitioner Father's petition for appeal. West Virginia Code § 51-2A-14 states "[i]f the circuit court agrees to consider a petition for appeal, the court shall provide the parties an opportunity to appear for oral argument . . . in the discretion of the court." The circuit court found that Petitioner Father failed to state any new grounds in this second appeal. Further, the circuit court stated that "the grounds stated in the most recent Petition for Modification filed by the father are substantially similar and had already been addressed and adjudicated in a prior hearing . . . ."[3] Therefore, we find that the circuit court did not abuse its discretion in denying Petitioner Father's petition for appeal. Finally, we find that the family court's findings of fact were not clearly erroneous

For the foregoing reasons, the circuit court's February 19, 2013, order is hereby affirmed.

Affirmed

**ISSUED:** February 18, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]Rule 21(a) of the Rules of Practice and Procedure for Family Court states:

A party may file a petition for contempt/order to show cause or modification of any order of the court. If grounds pled warrant a contempt/show cause and modification hearing, the hearing shall take place within 45 days of the filing of a petition for contempt/order to show cause or modification. If grounds pled not warrant a hearing then the court shall enter a dismissal order within 20 days.

[3]The appendix record does not include a copy of Petitioner Father's petition for appeal.