# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Bowen,**
**Petitioner Below, Petitioner**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-1283** (Jefferson County 09-D-232)

**Kathryn Bowen,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Pro se petitioner William Bowen[1] appeals the Circuit Court of Jefferson County's November 10, 2014, order denying his petition for appeal from a final order of the Family Court of Jefferson County that directed him to continue to pay monthly spousal support to his former wife, respondent Kathryn Bowen. Respondent, by counsel J. Daniel Kirkland and Gregory A. Bailey, filed a response in support of the lower tribunals' orders, a supplemental appendix, and a cross-assignment of error. Petitioner filed replies to both respondent's response and her cross-assignment of error. In this appeal, petitioner argues that the lower tribunals erred in failing to consider additional payments he made as "advance payments" of his outstanding spousal support obligation. In her cross-assignment of error, respondent requests that this Court order petitioner to pay attorney's fees for the proceeding below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By final divorce order entered in the family court in July of 2009, petitioner was ordered to pay spousal support to respondent in the amount of $2,500 per month for sixty consecutive months for a total amount of $150,000. Although the parties disagree as to its characterization, it is clear from the record on appeal that the parties maintained a post-divorce relationship.[2] The

---

[1]Petitioner was represented below and at the outset of this appeal by David A. Camilletti. Mr. Camilletti was relieved as petitioner's counsel of record by order of this Court entered on August 11, 2015.

[2]In her response brief, respondent claims that the parties "engaged in a consensual romantic relationship" following their divorce. In his reply, petitioner refers to respondent's claim as an "allegation[.]"
(continued . . .)

1

parties stipulated below that petitioner made fifty-three consecutive monthly spousal support payments between 2009 and January of 2014 for a total payment of $132,500. Between the divorce in 2009 and January of 2014, petitioner made several payments to respondent in addition to his monthly spousal support obligation that totaled $25,460.15.

In January of 2014, when petitioner had completed fifty-three consecutive monthly spousal support payments, he filed a "Notice of Filing" with the family court listing his completed monthly spousal support payments and listing additional payments made to respondent between 2009 and 2013. In that filing, petitioner calculated his total payments made to respondent as $150,262.26. Thereafter, because petitioner determined that his total payments made to respondent were greater than the total spousal support obligation under the final divorce order ($150,000), he ceased making monthly spousal support payments at that time. Petitioner filed two additional "Notice of Filing[s]" in May of 2014 listing other payments made by him to respondent between 2009 and 2014.

In March of 2014, respondent filed a petition for contempt against petitioner alleging that he ceased making spousal support payments in January of 2014 in violation of the final divorce order. Respondent argued that he had seven monthly payments remaining for a total remaining spousal support obligation of $17,500. Petitioner responded that he paid $25,460.15 in "personal loans" in addition to his monthly spousal support obligation, which satisfied that obligation when respondent failed to repay those loans. Thus, according to petitioner's argument, he paid respondent more than the $150,000 ordered in spousal support in the final divorce order.

In August of 2014, the family court held a hearing on the contempt petition. At the time of that hearing, the parties signed a stipulation agreement to the amount of monthly spousal support petitioner paid for fifty-three consecutive months through January of 2014 ($132,500) and the amount he paid in additional payments between 2009 and 2013 ($25,460.15).[3] However, respondent argued that the additional payments were not spousal support and did not fulfill the clear terms of the divorce order, which required sixty consecutive monthly payments in the amount of $2,500. Respondent noted that petitioner's accountant wrote a letter in May of 2014 referencing petitioner's use of those additional payments as "loans" for income tax purposes and not spousal support. Respondent also moved for petitioner to pay her attorney's fees for the contempt proceeding. Petitioner responded that the additional payments were loans, but he argued that the loans were made with the express condition that they would be applied to his outstanding spousal support obligation, if not repaid. Given that express condition and respondent's failure to repay those loans, petitioner asserted that the total loan amount should be credited toward his spousal support obligation.

By order entered on September 9, 2014, the family court ruled that the additional payments would not operate as a credit toward his outstanding spousal support. The family court also found that petitioner's accountant considered the additional payments to be "loans" and not

---

[3]The parties also stipulated to a third monetary sum petitioner paid "on behalf of respondent" for various bills that is not at issue in this appeal.

spousal support for income tax purposes. The family court further found that petitioner cited no controlling legal authority for the proposition that payments made by one spouse to another in addition to the ordered payment method must be credited toward an outstanding spousal support obligation. Although the family court denied the contempt petition because petitioner had not acted in bad faith, the family court ordered petitioner to make the remaining monthly spousal support payments as previously ordered and with interest. Because it found that petitioner did not act in bad faith and that he was not in contempt, the family court also ruled against respondent's request for attorney's fees. Finally, the family court noted that any dispute over unpaid "loans" between the parties could be litigated in a separate civil action.[4]

Petitioner appealed the family court's order to the circuit court on the ground that the family court erred in ruling that the additional payments were not a credit toward his total spousal support obligation. On November 10, 2014, the circuit court entered an order denying the appeal. The circuit court found that petitioner's accountant categorized the additional payments as loans and not spousal support. Further, the circuit court found that petitioner had another remedy at law to recover his alleged unpaid loans by means of a civil action. For those reasons, the circuit court concluded that petitioner's appeal lacked merit. This appeal followed.

This Court has explained the appropriate standard of review in these matters as follows:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that the lower tribunals erred in failing to credit his outstanding spousal support obligation with the additional payments he made to respondent. Petitioner argues that principles of equity require this Court to credit his spousal support obligation with the additional payments he made to respondent. We disagree. West Virginia Code § 48-5-602 provides that "[t]he court, in ordering a divorce[,] may require either party to pay spousal support in accordance with the provisions of article 8-101, et seq., of this chapter." In turn, West Virginia Code §§ 48-8-101, 102, and 103 provide that family courts have jurisdiction to impose spousal support and to direct terms for the payment thereof. Pursuant to West Virginia Code § 48-8-101(a), "[a]n obligation that compels a person to pay spousal support may arise from the terms of a court order[.]" Further, West Virginia Code § 48-8-103(a) provides that "[u]pon ordering a divorce . . . the court may require either party to pay spousal support in the form of periodic installments[.]" Also, this Court has held that "[q]uestions relating to

---

[4]Following the contempt hearing, petitioner filed a civil action in the Circuit Court of Jefferson County against respondent based on her failure to repay the subject additional payments. According to the parties, petitioner received a default judgment against her in that civil action, and she subsequently filed a motion to set aside the default judgment. The status of that civil action is unclear from the record on appeal.

3

[spousal support] . . . are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., in part, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977).

In this case, petitioner acknowledges that the final divorce order directed him to make monthly spousal support payments of $2,500 for sixty consecutive months. He also admits that he did not make sixty consecutive monthly payments of $2,500 in spousal support. Moreover, petitioner noted in his brief that he received a default judgment against respondent for that amount of money he now claims should be credited toward his spousal support obligation. In this matter, it is clear that petitioner's additional payments were separate and apart from the installment payments of spousal support ordered by the family court in the parties' final divorce order. We find no merit to petitioner's argument that his additional payments, which were clearly separate from the method of payment designated by the family court, should be credited toward his total spousal support obligation. Therefore, we find that the lower tribunals committed no error in this regard.

In her cross-assignment of error, respondent requests that this Court order petitioner to pay her attorney's fees for the underlying contempt proceeding. As noted above, the family court ruled against her request for attorney's fees in its final order following the contempt hearing on the ground that petitioner did not act in bad faith and that he was not in contempt of the final divorce order. The record on appeal reveals that respondent did not file a notice of intent to appeal directly to this Court, pursuant to Rule 26 of the West Virginia Rules of Practice and Procedure for Family Court,[5] or a petition for appeal or cross-petition for appeal to the circuit court, pursuant to Rule 28 of the West Virginia Rules of Practice and Procedure for Family Court.[6] While Rule 28 also provides that "the time period for filing an appeal is suspended

---

[5]Rule 26(a) of the West Virginia Rules of Practice and Procedure for Family Court provides, in pertinent part, as follows:

> (a) *Filing Notice and Waiver*. If, within fourteen days after entry of a family court final order, both of the parties file, either jointly or separately, a notice of intent to appeal directly to the supreme court of appeals and waiver of the right to appeal to the circuit court, either party aggrieved by a final order of a family court judge may file a petition for appeal to the supreme court of appeals.

[6]Rule 28(a) and (f) of the West Virginia Rules of Practice and Procedure for Family Court provides, in pertinent part, as follows:

> (a) Time for Petition. A party aggrieved by a final order of a family court may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office.

> . . .

(continued . . .)

4

during the pendency of the motion for reconsideration," the record before this Court shows that no motion for reconsideration was filed. As such, the appeal period was never suspended. Respondent first sought appellate review on the issue of her attorney's fees in the instant cross-assignment of error—more than six months after the entry of the family court's final order. Therefore, for these reasons, respondent failed to timely appeal the denial of her motion for attorney's fees for the underlying contempt proceeding, and she is not entitled to appeal the family court's ruling on that issue at this time.

Based upon the foregoing, we find no error in the circuit court's November 10, 2014, order, and we hereby affirm the same.

Affirmed.

**ISSUED:** January 11, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

(f) Cross-Petition for Appeal. Within fifteen days after the filing of the petition for appeal, the respondent may file a cross-petition for appeal.