STATE OF WEST VIRGINIA

**Eileen F. Daniels,**
**Petitioner Below, Petitioner**

**vs)  No. 15-1089** (Cabell County 14-D-504)

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Garry J. Daniels,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Eileen F. Daniels, by counsel Richard L. Vital, appeals the Circuit Court of Cabell County's October 7, 2015, order denying her appeal from the family court's final divorce order. Respondent Garry J. Daniels, by counsel Jennifer D. Ransbottom, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her appeal because the facts did not support the family court's finding that the home, garage, an outbuilding, improvements, and lots were marital assets and subject to equitable distribution, or in denying her request for alimony.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 1978, the parties were married in Stafford County, Virginia. The parties have one child of the marriage who is emancipated. In June of 2014, petitioner filed a petition for divorce citing irreconcilable differences.

In May of 2015, the family court held the final divorce hearing in this matter. The family court found that both parties waived any right to spousal support. At the hearing, petitioner testified that the amount of respondent's pension she would receive per month would meet her needs and waived the issue of spousal support. Respondent did not request spousal support. The family court also ordered that the marital home, garage, outbuilding, improvements, and lots be appraised, with the parties splitting the costs. The family court ordered that the value of the lot in petitioner's name be subtracted from the total value of the marital estate. Thereafter, that family court ordered either that (1) petitioner buy out respondent's share of the total value, (2) respondent buy out petitioner's share and pay her for her separate lot, or (3) the home and lots be sold and the proceeds split after petitioner is paid for the lot that was solely in her name. Prior to the entry of the family court's order, petitioner filed a written objection to the proposed order, arguing that the family court erred in treating the subject property as marital assets. Petitioner

1

also argued that she was not able to present all of her evidence pertaining to alimony. Despite petitioner's objection, the family court entered the order in August of 2015.

In September of 2015, petitioner filed a "Petition for Appeal" from the family court's order arguing again that the family court erred in treating the marital home, garage, outbuilding, improvements, and lots as marital property. According to petitioner, the only evidence presented concerning the subject property was that it was inherited from her mother's estate and it remained solely in her name. She also argued that the family court did not allow her to seek alimony. The circuit court denied petitioner's appeal, affirmed the family court's order, and found that petitioner failed to provide complete financial disclosures. The circuit court also found that there was sufficient evidence presented to suggest that the property at issue was marital. The circuit court further found that the family court was not clearly erroneous and did not abuse its discretion. It is from this order that petitioner now appeals.

Our standard for reviewing a circuit court order in a family court matter was set forth in the syllabus to *Carr v. Hancock,* 216 W.Va. 474, 475, 607 S.E.2d 803, 804 (2004):

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

With this standard in mind, we review the circuit court and family court orders.

Petitioner argues that the family court erred in treating the marital home, garage, outbuilding, improvements, and lots as marital property. According to petitioner, the only evidence presented concerning the subject property was that it was inherited from her mother's estate and remained solely in her name. However, West Virginia Code § 48-1-233 provides that "[m]arital property" is defined as including "[a]ll property and earnings acquired by either spouse during a marriage." Additionally, West Virginia Code § 48-7-103 sets forth that "[in] the absence of a valid agreement, the court shall presume that all martial property is to be divided equally between the parties . . . ."

While petitioner argues that the subject property was non-marital, the evidence below established otherwise. Contrary to petitioner's assertions, the record shows that she did not inherit a home, garage, outbuilding, and improvements. Instead, petitioner inherited a lot and the parties purchased an adjacent lot, which was identical in shape and size to petitioner's lot. The parties then purchased a jointly titled double-wide trailer and placed it on the martial lot. Several years later, the parties purchased a second jointly-titled double-wide trailer, which straddled both lots. The parties also made improvements to the second double-wide trailer, including adding a front portico, a wrap-around porch, a garage, and an outbuilding. Upon our review, the circuit court did not err in determining that the subject property was part of the marital estate.

It is also clear from the record that petitioner failed to file complete financial statements or provide any documentation as required by West Virginia Code §§ 48-7-201 and 202, despite

2

the family court's instruction to do so at the pretrial hearing in November of 2014.[1] In the case at hand, respondent provided full financial disclosures with supporting documentation. Thus, as provided for in West Virginia Code § 48-7-206, petitioner's failure to file the required financial documents and information resulted in the family court accepting the values provided by respondent.[2] Additionally, petitioner failed to provide proof that the second lot, the double-wide trailer, or any of the improvements were separate property or paid for by her inheritance. In fact, the joint bank records attached to respondent's financial disclosures, filed in September of 2014, show that the subject property was paid for using funds from the parties' joint bank account. Therefore, considering the evidence before it, the family court correctly determined that the subject property was martial property to be divided equally between the parties. As such, the circuit court did not err in denying petitioner's appeal.

Next, petitioner argues that the family court erred in denying her request for alimony and that she had "no chance . . . to submit any evidence as to the requirements or her needs for alimony" during the final hearing. After a thorough review of the record, we disagree. As noted above, petitioner failed to provide complete financial disclosures as required by West Virginia Code §§ 48-7-201 and 202. Moreover, we have held that "[q]uestions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977). The record reflects that the family court elicited testimony regarding petitioner's monthly expenses and her need for additional funds. Petitioner indicated in her testimony that

---

[1]West Virginia Code §§ 48-7-201 provides that

> [i]n all divorce actions and in any other action involving child support, all parties shall fully disclose their assets and liabilities within forty days after the service of summons or at such earlier time as ordered by the court. The information contained on these forms shall be updated on the record to the date of the hearing.

Additionally, West Virginia Code §§ 48-7-202 provides that

> [t]he disclosure required by this part 2 may be made by each party individually or by the parties jointly. Assets required to be disclosed shall include, but are not limited to, real property, savings accounts, stocks and bonds, mortgages and notes, life insurance, health insurance coverage, interest in a partnership or corporation, tangible personal property, income from employment, future interests whether vested or nonvested and any other financial interest or source.

[2]West Virginia Code § 48-7-206 provides that

> [a]ny failure to timely or accurately disclose financial information required by this part 2 may be considered as follows: (1) Upon the failure by either party timely to file a complete disclosure statement as required by this part 2 or as ordered by the court, the court may accept the statement of the other party as accurate.

respondent's additional pension funds would "take care of it." Based on petitioner's testimony, the family court found that the supplemental amount received from her share of respondent's retirement pension adequately met her needs. Neither party objected to that resolution. Therefore, considering the evidence before it, we find that the family court determined that the parties agreed that petitioner's share of respondent's pension would take care of her additional financial need. As such, the circuit court did not err in denying petitioner's appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 7, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II