# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jamison W.,**
**Petitioner Below, Petitioner**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0803** (Kanawha County 15-D-1071)

**Jamie W.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jamison W., by counsel Molly Underwood Poe, appeals the August 14, 2018, order of the Circuit Court of Kanawha County affirming the Family Court of Kanawha County's July 12, 2018, order denying retroactive application of child and spousal support and an award of attorney's fees for either party.[1] Respondent Jamie W., by counsel Mike Kelly, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in failing to mandate that the family court retroactively apply the child and spousal support order and in failing to mandate that the family court hold a hearing on attorney's fees.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent were married and had two children. In July of 2015, petitioner filed for divorce. In March of 2016, the family court held a final hearing on parental allocation and ordered a "50/50" parenting plan. In August of 2016, the family court entered a final order regarding child support. When the final order was entered, both parties were employed and earning

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

approximately equal wages in their careers. Petitioner was ordered to pay $182.58 per month in child support.

In August of 2016, respondent lost her employment and requested a modification of the child support order. Ultimately, the family court ordered petitioner to pay $400 in child support monthly beginning October 1, 2016, and $500 in spousal support beginning on February 1, 2017. In May of 2017, petitioner's employment ended, and he filed for a modification of child support. In August of 2018, petitioner filed a motion to reconsider spousal support upon learning that respondent acquired new employment. Respondent did not inform the court of her change in employment; petitioner learned of the employment through discussions with the children. Petitioner further alleged that a bank account, containing $10,206.43, that respondent previously asserted was pre-marital property actually received three separate deposits, totaling $3,640.47, from respondent's employer. The parties ceased cohabitation in July of 2015, and these deposits were made in May and June of 2015. Petitioner alleged that, due to these deposits, the bank account held martial property, contrary to respondent's assertions.

The family court heard oral argument on the pending motions. Ultimately, the family court, by order dated November 21, 2017, suspended the spousal support payments. Further, the family court modified the child support order to require petitioner to pay $21.97 per month. Although petitioner requested the spousal and child support orders be made retroactive to the date of the filing in May of 2017, the family court declined to rule on that issue at that time. Following the entry of the November of 2017 order, the parties filed multiple motions regarding child and spousal support, including another motion by petitioner for the retroactive application of the child and spousal support order. The family court set a hearing in April of 2018 to resolve all pending motions.

At the April of 2018 hearing, the family court addressed the modification of child support and the motion to make its order modifying the child and spousal support retroactive to petitioner's May of 2017 filing date. The family court found the decision to retroactively apply child and spousal support obligations was within its discretion and orally denied the motion due to the length of time that had passed since petitioner's motions for modification of spousal and child support. Further, the family court found that, based on a new calculation for child support, respondent would owe $35 per month in support to petitioner. Following the family court's suggestion, both parties mutually agreed to waive all child support obligations, and, thus, respondent's $35 per month to petitioner was cancelled. The family court acknowledged that child support was a "pressure point" that instigated persistent litigation and that canceling the child support order might increase "civility" between the parties. Following this hearing, petitioner filed a proposed order to which respondent objected. Petitioner entered a revised proposed order to which respondent again objected. Finally, the family court prepared and entered its final order on July 12, 2018. In the court's order, the family court found that "due to the continuous evolution of the economic circumstances of the parties," the new child support amount of $21.97 per month would be applied starting December 1, 2017. Further, the court ordered that the previously ordered spousal support suspension would be made permanent beginning December 1, 2017, based upon "the education, financial circumstances and employment history of the parties, both of whom are fully employed." Finally, based on "the progress, or lack thereof, in this proceeding," the court ordered that the parties' requests for attorney's fees were denied.

Petitioner appealed the family court's final order to the circuit court. In that appeal, petitioner argued that the family court erred in denying the motion to retroactively apply child and spousal support orders to their filing dates and that the family court erred in denying, sua sponte, an award of attorney's fees. Upon its review, the circuit court found that the family court's findings of fact were not erroneous and that it did not abuse its discretion in its decision. Accordingly, the circuit court denied petitioner's petition for appeal on August 14, 2018. Petitioner now appeals that order.

This Court has established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). Additionally, "[q]uestions relating to [support] . . . are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977).

On appeal, petitioner argues the circuit court erred in affirming the family court's decision to deny retroactive application of child and spousal support. Petitioner asserts that the family court's decision was based on the extensive length of time between the filing of petitioner's motion for modification and the motion to modify child and spousal support retroactively. According to petitioner, this reasoning is flawed because the family court originally declined to rule on the issue and, in essence, caused the delay on which the denial was based. Further, petitioner argues that the family court ignored respondent's failure to disclose pertinent financial information, such as the concealment of marital assets in her independent bank account and her failure to notify the court of her re-employment in July of 2017, when ruling on this issue. Based on our review of the record, we find petitioner is entitled to no relief.

Rule 23 of the West Virginia Rules of Practice and Procedure for Family Court provides that "[*e*]*xcept for good cause shown*, orders granting relief in the form of spousal support or child support shall make such relief retroactive to the date of service of the motion for relief." (Emphasis added). Although petitioner asserts that the family court's ruling on the retroactive application of the support orders was "[c]onspicuously absent" from the family court's final order, the decision and the family court's reasoning are clearly observed in the final order. Here, the family court denied petitioner's motion for retroactive application of the support amounts in ordering that the new child support amount would be applied starting December 1, 2017, rather than petitioner's filing date. Further, the family court reasoned the decision was "due to the continuous evolution of the economic circumstances of the parties[,]" and, similarly, the family court ordered a December 1, 2017, start date for spousal support based on the "education, financial circumstances and employment history of the parties, both of whom are fully employed."

Despite petitioner's assertions that the family court's order was based solely on the length of time elapsed, this Court has previously noted that "[i]t is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton,* 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006). In this case, the family court's order specifically sets forth findings to support the denial of retroactive child and spousal support orders, and petitioner does not argue that this reasoning is an abuse of discretion. This analysis is further supported by the circuit court's findings that the family court did not err or abuse its discretion. Accordingly, we find petitioner is entitled to no relief.

Petitioner also argues that the family court erred in denying, sua sponte, his motion for attorney's fees. Petitioner asserts that he incurred costs related to the subpoena of bank records and in defense of numerous motions during the proceedings. We have held the following:

> In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family ... [court] and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family ... [court] should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

Syl. Pt. 4, *Grose v. Grose*, 222 W. Va. 722, 671 S.E.2d 727 (2008) (internal citations omitted). When considering these factors, it is clear that petitioner obtained substantial benefit from the results obtained by his attorney, such that he no longer owes child or spousal support. Importantly, in this case, petitioner and respondent are essentially equal in terms of economic status, earn near equal amounts, and agreed to manage their individual child rearing costs rather than request child support. Further, petitioner never disclosed a schedule of his fees incurred such that the family court could have determined whether the fees were reasonable. Accordingly, we find no abuse of discretion in the family court's order denying attorney's fees for both parties.

For the foregoing reasons, the circuit court's August 14, 2018, order affirming the family court's July 12, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison