# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Lisa R.,
**Respondent Below, Petitioner**

**vs.)  No. 21-0130** (Cabell County 18-D-592)

Christopher R.,
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa R. appeals the circuit court's January 22, 2021, order dismissing her appeal and affirming the family court's order awarding her rehabilitative spousal support rather than permanent spousal support.[1]

In 2018, respondent filed a petition for divorce after approximately sixteen years of marriage to petitioner.[2] Following a hearing on spousal support, the family court awarded petitioner $3,000 per month in rehabilitative spousal support for five years beginning October 1, 2020. In addition, respondent was ordered to pay an amount not to exceed $3,000 for petitioner to enroll in and complete a registered nurse refresher course.

Petitioner appealed the family court's order to the circuit court, arguing that she was entitled to permanent, rather than rehabilitative, support. The circuit court observed that the family court "thoroughly addressed" the issue after conducting a hearing and considering "a significant amount of testimony and arguments." The circuit court found the family court's decision to be "in conformity with the law," and it denied, refused, and dismissed petitioner's appeal in its order entered January 22, 2021.

On appeal to this Court, petitioner maintains that she should have been awarded permanent spousal support, arguing that it is unrealistic to believe that she could obtain employment that would afford her the standard of living to which she was accustomed because, she says, her nursing education is outdated and she has gained no new experience in the past thirteen years. She also claims physical and mental health problems that impact her ability to work, and she asserts that

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. Proc. 40(e). Petitioner appears by counsel Amy C. Crossan, and Respondent Christopher R. appears by counsel Arik C. Paraschos.

[2] The parties have two children who are approximately thirteen and fifteen years old.

the parties' week-on-week-off parenting plan creates employment difficulties. Petitioner acknowledges that she is "not argu[ing] that the lower court failed to address the relevant factors related to an alimony support award." Instead, she is claiming that the family court abused its discretion in not awarding permanent spousal support "based on the application of the factors to her case."

Our review of the circuit court's order is deferential:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). We have specified further that "[q]uestions related to alimony . . . are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977).

"The concept of 'rehabilitative [spousal support]' generally connotes an attempt to encourage a dependent spouse to become self-supporting by providing [spousal support] for a limited period of time during which gainful employment can be obtained." Syl. Pt. 1, *Molnar v. Molnar*, 173 W. Va. 200, 314 S.E.2d 73 (1984); *see also* W. Va. Code § 48-8-105(a) ("An award of rehabilitative spousal support is appropriate when the dependent spouse evidences a potential for self-support that could be developed through rehabilitation, training, or academic study."). The statutory authority for an award of rehabilitative spousal support is found in West Virginia Code § 48-8-105(a), which provides that "[t]he court may award rehabilitative spousal support for a limited period of time to allow the recipient spouse, through reasonable efforts, to become gainfully employed." When making such an award, courts are directed to "make specific findings of fact to explain the basis for the award, giving due consideration to the factors set forth in § 48-6-301 of [the West Virginia Code]." *Id.*, § 48-8-105(a). Importantly, "as long as the family court fully considers the mandatory statutory factors, and its award of spousal support is within the parameters of reasonableness, this Court should not disturb the award on appeal." *Mulugeta v. Misailidis*, 239 W. Va. 404, 410, 801 S.E.2d 282, 288 (2017).

The factors petitioner outlines as supportive of an award of permanent spousal support were heard and considered by the family court. In its reasoned decision to award five years of rehabilitative spousal support, the family court recognized the need for support until petitioner could become employed. But it concluded that, in accordance with her testimony, petitioner planned to return to the workforce and that, with training, she had "a substantial earning ability." In other words, the family court determined that this is the precise scenario for which an award of rehabilitative spousal support is suited. Petitioner recognizes that the family court considered the required statutory factors in reaching its conclusion, but she would nevertheless have this Court disturb that conclusion and substitute its judgment for that of the fact-finding court. This Court "may not overturn a finding simply because it would have decided the case differently," though. *Id.* at 408, 801 S.E.2d at 286 (citation omitted). Rather, "it must affirm a finding if the [lower] court's account of the evidence is plausible in light of the record viewed in its entirety." *Id.* (citation

2

omitted). The family court considered the statutory factors, its findings were plausible in light of the record viewed in its entirety, and the court's award of rehabilitative spousal support was within the parameters of reasonableness. Accordingly, we find no error in the family court's award of rehabilitative spousal support or in the circuit court's affirmation of that award.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3