# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 15, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHARLENE D. FLESHMAN,**
**aka Charlene D. Christy,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-20** (Cir. Ct. Greenbrier Co. No. 22-D-AP-3)

**JAMES A. FLESHMAN,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charlene D. Fleshman appeals the Circuit Court of Greenbrier County's July 6, 2022, Order Refusing Appeal of the family court's order denying her spousal support which accrued during the pendency of an earlier appeal. Respondent James A. Fleshman filed a response in support of the circuit court's order. Petitioner did not file a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). This Court has considered the parties' briefs and the record on appeal. The decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by final order entered on September 9, 2017, wherein respondent was ordered to pay petitioner one thousand dollars ($1,000.00) per month spousal support. Both parties appealed to circuit court which remanded the matter back to family court. The family court entered a Corrected Divorce Order, wherein twenty-seven hundred dollars ($2,700.00) monthly spousal support was awarded, effective May 7, 2018. Respondent did not pay the twenty-seven hundred dollars ($2,700.00). Both parties appealed and the circuit court again remanded to family court, where spousal support was modified to one thousand dollars ($1,000.00) per month in an amended order on remand, entered December 30, 2020. On February 4, 2020, petitioner filed a petition for contempt to enforce the spousal support award that accumulated while the second appeal was

---

[1] Petitioner is represented by Paul S. Detch, Esq. Respondent is represented by co-counsel Michelle L. Bechtel, Esq., and Alyson A. Dotson, Esq.

pending; petitioner also appealed the December 30, 2020, family court order. The circuit court heard the appeal and remanded back to family court. On October 14, 2021, after remand, the family court entered a Corrected Amended Order, which was appealed by petitioner. The matter was heard by the circuit court and remanded back to the family court with instructions. The family court entered its Second Corrected Order on Remand on March 23, 2022. Pursuant to this Order, respondent was ordered to pay petitioner one thousand dollars ($1,000.00) per month permanent spousal support dating back to December 1, 2017. Petitioner appealed to circuit court, which refused her appeal.

Petitioner now appeals the circuit court's refusal of her appeal of the family court's order denying her spousal support awarded in the May 7, 2018, order that accrued during the pendency of its appeal to circuit court. We apply the same standard of review that is applied by the Supreme Court of Appeals of West Virginia:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

*Syl., Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). "'Questions relating to [spousal support]…are within the sound discretion of the court and its action with respect to such matter [ ] will not be disturbed on appeal unless it clearly appears that such discretion has been abused.' Syl., in part, *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977)." Syl. Pt. 2, *Mulugeta v. Misailidis*, 239 W. Va. 404, 801 S.E.2d 282 (2017); *accord* Syl. Pt. 2, *Petruska v. Petruska*, 200 W. Va. 79, 488 S.E.2d 354 (1996).

Petitioner argues that spousal support must be paid during the pendency of an appeal, pursuant to West Virginia Code § 51-2A-12(c) (2001), which states, "An order granting a motion for a stay under the provisions of this section may not include a stay of an award for the payment of spousal support or child support pending the appeal, except that an award of past due child support may be stayed pending an appeal." She argues that it was error for the lower courts not to require respondent to pay her the twenty-seven hundred dollars ($2,700.00) monthly spousal support pursuant to the May 7, 2018, order, even though the award was later reversed.

In contrast, respondent argues that petitioner filed her contempt petition too late. The contempt petition should have been filed while the award was in effect and the appeal was pending, not after the family court's order was reversed, remanded, and spousal support was recalculated.

2

After review, we find the circuit court did not abuse its discretion in refusing this appeal based on the untimeliness of the contempt petition. Because the contempt action was not commenced by petitioner during the timeframe that the May 7, 2018, order was in effect, there is no avenue to enforce it.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen