# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

2023 January Term

_____

No. 22-ICA-45

_____

FILED

**February 14, 2023**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

JONATHON F.,
Petitioner Below, Petitioner

v.

REBEKAH L.,
Respondent Below, Respondent

_____

Appeal from the Family Court of Greenbrier County

Honorable David M. Sanders, Judge

Civil Action No. 19-D-244

REMANDED WITH DIRECTIONS

_____

Submitted: January 11, 2023
Filed: February 14, 2023

John H. Bryan, Esq.
Union, West Virginia
Counsel for Petitioner

Christine Stump, Esq.
Lewisburg, West Virginia
Counsel for Respondent

Amber Hinkle, Esq.
Taylor & Hinkle, Attorneys at Law
Beckley, West Virginia
Guardian Ad Litem

CHIEF JUDGE GREEAR delivered the Opinion of the Court

GREEAR, Chief Judge:

Petitioner Jonathon F. ("Father") appeals the July 21, 2022, final order entered by the Family Court of Greenbrier County, which granted the parties shared custodial rights of the minor child, H.L.[1] On appeal, Father argues that the family court erred in failing to provide the parties equal (50-50) custodial time and in failing to make specific findings of fact and conclusions of law.

We find that the final order failed to properly apply the law governing the allocation of custodial responsibilities between the parties and failed to provide sufficient findings of fact and conclusions of law to support its ruling. West Virginia Code § 48-9-206(a) (2022) was the applicable law at the time of the final hearing and the entry of the final order. This statute presumes equal (50-50) parenting time for both parents unless the parties agree otherwise. This presumption may be rebutted if the family court finds by a preponderance of the evidence that the arrangement would be harmful to the child, or a provision of West Virginia Code § 48-9-209(f) (2022) requires a different custodial allocation. West Virginia Code § 48-9-206(d) requires that a determination of custodial allocation in a final permanent parenting plan order be based on the presentation of evidence and include specific findings of fact and conclusions of law supporting the determination.

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W. Va. R. App. P. 40(e)(1); *Amanda C. v. Christopher P.*, No. 22-ICA-2, ____ W. Va. ____, ____ S.E.2d ____, 2022 WL 17098574 (Ct. App. 2022).

Accordingly, we convert the July 21, 2022, final order to a temporary custodial allocation order and remand this case back to the Family Court of Greenbrier County with instructions to hold an evidentiary hearing and make specific findings of fact and conclusions of law to support its decision.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The parties are the biological parents of H.L.[2] On December 18, 2019, Father filed the underlying petition requesting a determination of custodial allocation and support. The primary issue considered under this petition was the custodial parenting plan for H.L.

On January 2, 2020, Respondent Rebekah L. ("Mother") filed an answer and disputed paternity. On August 3, 2020, the family court entered an order directing paternity testing, which confirmed Petitioner to be H.L.'s biological father. A temporary order was entered by the court on September 17, 2020, which designated Mother as the custodial parent and denied Father any contact with the child. From September 17, 2020, to July 13, 2022, multiple hearings regarding custody were held and Father's visitation with H.L. gradually increased. On July 13, 2022, the court held a final hearing on custodial allocation. The court proceeded based on proffers from the parties, their counsel, and the guardian ad litem. Without taking evidence, the court noted its agreement with the recommendations

---

[2] The parties were never married.

in the third supplemental report of the guardian ad litem and announced its decision regarding custodial allocation of parenting time contained in the final order.

This allocation provided Mother with primary custody of H.L. and provided Father significant custodial parenting time. However, the order on its face is not equal (50-50) parenting time. It is from this order the father appeals.

## II.   STANDARD OF REVIEW

The parameters of appellate review of family court orders are well-settled:

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004); *see also Amanda C. v. Christopher P.*, No. 22-ICA-2, ____ W. Va. ____, ____ S.E.2d ____, 2022 WL 17098574 (Ct. App. 2022).

"Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl. Pt., *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977). The appellate court may reverse for abuse of discretion if "a material factor deserving significant weight is

3

ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the [lower court] makes a serious mistake in weighing them." *Gentry v. Mangum*, 195 W. Va. 512, 520 n.6, 466 S.E.2d 171, 179 n.6 (1995). Thus, an appellate court "will not simply rubber stamp the trial court's decision when reviewing for an abuse of discretion[.]" *State v, Hedrick*, 204 W. Va. 547, 533, 514 S.E.2d 397, 403 (1999). With these standards in mind, we consider the issue raised on appeal.

## III.   DISCUSSION

On appeal, Father asserts two assignments of error. First, Father argues that the family court abused its discretion when it failed to apply the presumption of equal (50-50) parenting time, as required by West Virginia Code § 48-9-206(a). Second, Father contends that the family court failed to make specific findings of fact and conclusions of law justifying its departure from the equal (50-50) presumption as required by West Virginia Code § 48-9-206(d). After a review of the record and applicable law, we find that the family court's final order fails to comply with the requirements of West Virginia Code § 48-9-206(d).[3]

West Virginia Code § 48-9-206(a) presumes equal (50-50) custodial allocation of parenting time unless otherwise resolved by agreement of the parties. However, the family

---

[3] During oral argument, counsel for Mother conceded the final order's lack of specific findings of fact and conclusions of law as required by West Virginia Code § 48-9-206(d).

court may deviate from equal custodial time if the court expressly finds that the arrangement would be harmful to the child or that a provision of West Virginia Code § 48-9-209(f) necessitates another arrangement.[4] Regardless of the presumption, absent an agreement of the parties, the family court must set out specific findings of fact and conclusions of law in its final order pursuant to West Virginia Code § 48-9-206(d).

Here, the family court failed to make specific findings of fact and conclusions of law to allow meaningful appellate review. In its July 21, 2022, order, the family court simply stated, "the third and last [guardian ad litem] report contained recommendations that the court believes to be in the best interest of the child." The court provided no other explanation for its ruling.

The Supreme Court of Appeals of West Virginia has remanded such wholly insufficient orders finding that:

> to properly review an order of a family court, the order must be sufficient to indicate the factual and legal basis for the family court's ultimate conclusion so as to facilitate a meaningful review of the issues presented. Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development.

*Collisi v. Collisi*, 231 W. Va. 359, 363–64, 745 S.E.2d 250, 254–55 (2013).

---

[4] West Virginia Code § 48-9-102a (2022) provides a rebuttable presumption that equal (50-50) custodial allocation is in the best interest of the child.

The final order does not appear on its face to allocate equal (50-50) parenting time. In the briefs presented, Mother asserts that Father will receive 170 overnights of custody, while the guardian ad litem calculates this number at 175 overnights. Mother and the guardian ad litem both contend that equal (50-50) parenting time does not mean that each party receive exactly 182.5 overnights. They argue that roughly 175 overnights of parenting time falls within the meaning of equal (50-50) parenting time. To support this contention, they argue that Father will have custody of the child during the day for more than 182.5 days, thus making up for the lack of equal overnights. However, findings of fact and conclusions of law are required to explain whether or how this arrangement, which seems unequal on its face, constitutes an equal (50-50) custodial allocation.

Mother urges this Court to find that 175 overnights is "close enough," when combined with custodial time during the day, to be an equal (50-50) allocation of parenting time. This arrangement would result in a fifteen-night difference of overnights per year, or 225-overnights difference throughout H.L.'s childhood. Similarly, the disparity in parenting time during the daylight hours awarded to each parent under the court's allocation will correspondingly increase. This Court cannot adopt the position of Mother and the guardian ad litem—that such an allocation is equal (50-50) parenting time— without some explanation as to why such allocation is equal.

West Virginia Code § 48-9-206(d) mandates specific findings of fact and conclusions of law when there is a deviation from equal (50-50) custodial allocation.

6

Specific findings of fact and conclusions of law would allow this court to determine whether a custodial parenting plan is equal (50-50) parenting time or whether deviation is justified. In this matter, the custodial allocation could potentially be upheld as equal (50-50) parenting time or as a justified deviation if the family court had given reason for its determination in specific findings of fact and conclusions of law. However, without this information, this Court is prevented from engaging in meaningful appellate review and, thus, remand is necessary.

As a final note, the record reveals that the hearing before the family court was taken by proffer. While neither party objected to this below, nor was this issue raised on appeal, this Court notes that West Virginia Code § 48-9-206(d) requires an evidentiary hearing on the record. Accordingly, regardless of the objection, or lack thereof, by any party, entry of a final order regarding custodial allocation based solely on evidence offered by proffer is improper.

### IV. Conclusion

For the foregoing reasons, the July 21, 2022, final order of Family Court of Greenbrier County is hereby converted to a temporary custodial allocation order, which shall remain in place until an evidentiary hearing is conducted pursuant to West Virginia Code § 48-9-206 and an order is issued containing sufficient findings of fact and conclusions of law to permit meaningful appellate review. This case is remanded to the

Family Court of Greenbrier County for further proceedings consistent with this opinion.

The Clerk is directed to issue the mandate contemporaneously with this opinion.

Remanded with Directions.